## SUPREME COURT.

ISAAC A. CHAPMAN agt. PHILIP PALMER and HENRY TILTON.

An answer (verified) by one defendant, sued as a partner with another, which states that the defendant "has not any knowledge or information sufficient to form a belief, whether the plaintiff sold and delivered to the defendants the several parcels of goods mentioned in the complaint, or any of them, or whether the sums mentioned in the complaint, or any of them, are due to the plaintiff from the defendants, and unpaid by them; and he therefore denies the same in each and every particular thereof"—must be struck out as evasive and frivolous. The defendants' *ignorance* is quite *unnecessary*.

*Albany Special Term, Dec.,* 1855.

MOTION for judgment on account of frivolousness of answer.

The action was for goods sold and delivered to the defendants, as partners, by the plaintiff.

The complaint set forth three different purchases, amounting in the whole to $162.85, and stated that the defendants had paid $75 on account of such purchases. The balance, amounting to $87.85, with interest, the plaintiff claimed to recover in this action.

The defendant Palmer, though served with summons and complaint, did not answer. The defendant Tilton, put in an answer, stating that "he had not any knowledge or informa-

tion sufficient to form a belief, whether the plaintiff sold and delivered to the defendants the several parcels of goods men-tioned in the complaint, or any of them, or whether the sums mentioned in the complaint, or any of them, were due to the plaintiff from the defendants, and unpaid by them; and he there-fore denied the same in each and every particular thereof."

J. B. STURTEVANT, *for plaintiff.*
OTIS ALLEN, *for defendant Tilton.*

HARRIS, Justice. I have no hesitation in pronouncing this answer evasive and frivolous. The allegation in the complaint is, that the plaintiff, at different times during the present year, sold and delivered to the defendants, as partners, certain goods. Whether or not this allegation is true, the defendants may be reasonably supposed to know. One of them, by his failure to answer, admits that it is true. The other says, that for the want of any knowledge or information on the subject, he is unable to say whether it is true or not. As the answer is veri-fied by the oath of the defendant, we are, perhaps, required to believe that this is so. But if it be really so, the defendant's ignorance is quite unnecessary.

Intentional ignorance is not such as the legislature had in view, when it authorized a defendant to put in issue any alle-gation of a complaint when he had no knowledge or informa-tion as to its truth, by stating such ignorance. The defendant who has answered, if he did not in fact know whether his part-ner or his clerks had purchased the goods of the plaintiff, as alleged, was bound, before answering, to inform himself on the subject. This he could have done by simple inquiry. If he has omitted such inquiry, he is wilfully ignorant of what it was his duty to know. If there was anything to prevent his in-forming himself, as to the facts alleged in the complaint, he should have stated what it was, by way of excusing himself for this mode of answering. In the absence of any such excuse, he must, as one of the partners, to whom the goods are alleged to have been sold, be held to be chargeable with such knowl-

edge or information on the subject, as would enable him to admit or deny the allegation. The answer, that he has no such knowledge or information, must be regarded as an evasion. (*See Edwards* agt. *Lent*, 8 *How.* 28; *Richardson* agt. *Wilton*, 4 *Sand.* 708; *Wesson* agt. *Judd*, 1 *Abbott*, 254; *Thorn* agt. *N. Y. Central Mills*, 10 *How.* 19; *Shearman* agt. *N. Y. Central Mills*, 1 *Abbott*, 187.)

The motion must be granted, with costs.