Bosworth, J.
The motion for judgment, on account of the frivolousness of the answer, should be regarded as, in effect, a summary demurrer, within the meaning of the provision of the Code, which allows a pleading demurred to to be amended.
A formal demurrer might have been interposed to the answer as being insufficient. In that case there could have been no doubt of the defendant’s right to amend.
That right ought not, by any construction of the Code, to be made to depend upon the plaintiff’s volition. It would depend on that, if he could amend, had the plaintiff formally demurred, and if it be true that he cannot amend, merely because the plaintiff chooses to test the sufficiency of the answer by a motion for judgment upon it, instead of demurring to it, and moving for judgment on the demurrer.
If a defendant amends an answer which sets up new matter as a defence, and the plaintiff thinks it is done for delay, his proper *656 course is to, move to set the amended pleading aside. (8 How. Pr. R. 451-466; Code, § 172.)
I think the defendant had a right to amend, and the present motion must be denied, without costs, solely on the ground that an amended answer has been regularly served since the notice was given, and therefore the answer, on which the motion was noticed to be made, does not exist as a pleading in the action.