By the Court. Bosworth, Ch. J.
—The appellant’s counsel insists that the answer is frivolous, for the reason that "a defendant cannot be allowed to remain willfully ignorant of what he has the means of knowing, and answer a complaint by stating the absence of knowledge or information sufficient to form a belief as to the truth of its material allegations, when the court can see, upon the face of the complaint, that he has the means of knowing whether they are true or not; that the defendant in this case had only to examine the records of the court, or have the attorney who prepared her answer do so, in order to ascertain the truth of the averments which she has attempted to put at issue.
He cites 1 Code R., N. S. 204; 1 Abb. 187; 3 Sandf. S. C. 139; 12 How. Pr. 37 ; IE. D. Smith, 555.
On a motion for judgment, on account of the frivolousness of an answer, the only question is, does it deny any material allegation of the complaint or set up any defense ? For all the purposes of that motion, it is to be assumed to be true. If it be sham, that is to be shown by affidavit on a motion to strike it out as sham. (Brown v. Jenison, 3 *674 Sandf. 732 ; Hull v. Smith, 8 How. Pr. R. 150 ; Nichols v. Jones, 6 How. P. R. 358.)
That a defendant has no knowledge or information sufficient to form a belief whether the allegations of a complaint are true, is of no consequence as an abstract proposition, and, of itself, is no defense. But when a defendant is permitted by statute to put any or all of the material allegations of a complaint at issue by such a form of pleading, an answer which does that is sufficient in. form; and a plaintiff cannot have judgment on the ground that it is frivolous, on a motion made under \ 247 of the Code, nor upon a demurrer to it for insufficiency.
Assuming the allegation, that judgment was duly rendered and docketed on or about the 21st day of January, 1860, as containing by implication an averment that the judgment was duly entered in the judgment book, and assuming the statement in the answer to be a denial that judgment was entered on the 21st of January, 1860, the answer does not deny that it was entered abo.ut that day; nor that it was duly rendered and docketed about tfiat day ; .nor that it now remains of record, wholly unpaid, not vacated, satisfied or otherwise discharged.
A judgment may be duly rendered, and a judgment roll be filed, containing a copy of the judgment, and the judgment be docketed, although the judgment has not been entered in the judgment book; .and yet it does not follow that this irregularity can be made available, either byway of pleading or evidence, in an action on the undertaking.
But it is not necessary to sustain this view, in order to reach the conclusion that the answer is clearly frivolous.
The case of Hance v. Rumming, (1 Code R. 204 ; S. C. 2 E. D. Smith, 48,) was a motion on affidavits to strike out the answer as sham. The' judge who made that decision would not hold, the present answer frivolous, merely because it-denied "any knowledge of information sufficient to form a belief whether the alleged judgment was recovered, if he adhered to the views expressed by him in Wesson v. Judd, (1 Abb. Pr. R. 254.)
*675 The ground on which the decision was placed in Shearman v. The New York Central Mills, (1 Abb. R. 187,) viz., that it denied the allegations of the complaint conjunctively, and not disjunctively, has since been held by the Court of Appeals to be untenable. (Wall v. Buffalo Water Works Co., 18 N. Y. 119.)
The case in 12 How. Pr. R. 37, favors the appellant’s views, as to the rule for which he contends. The general observations, made in 1 E. D. Smith, 555, and 3 Sandf. 169, may be assumed to be sound ; and still the question will remain, if the answer be sufficient in form to put material allegations of the complaint at issue, whether the plaintiff’s only remedy, if it be supposed to be false, is not a motion to strike it out as sham.
A sham answer may be sufficient im form, and usually is ; and when that is believed to be its character, the plaintiff, if he wishes to avoid the delay of a trial, must get rid of it on a motion to strike it out as sham. On that motion, the defendants can be heard on affidavits • and they may present facts which will defeat the motion.
The Code has prescribed the form of an answer, and makes it sufficient to put material allegations of the complaint at issue. And when, by observing that form, it puts some of the allegations of the complaint at issue, the plaintiff cannot have judgment, either on a demurrer to it or on a motion under 247 of the Code, unless he is entitled to judgment, admitting those allegations to be untrue.
He cannot have judgment on such a motion, when he could not upon a demurrer to the answer. And he cannot succeed on a demurrer to an answer which controverts, in a manner allowed by the Code, an allegation of the complaint, proof of which is essential to establish a cause of action.
A motion, under § 247 of the Code, is in substance, and practically, a summary demurrer, (5 Duer, 654,) and admits the allegations of the answer, for the purposes of the motion itself, to be true.
*676 The only remaining question is, whether the answer is frivolous.
The complaint states that a “judgment was duly rendered and docketed on or about the 21st of January, 1860; that a transcript of it was duly filed the same day; and that the said judgment now remains of record, wholly unpaid, not vacated, satisfied, or otherwise discharged.”
The only notice of these allegations taken by the answer, (construing the answer most favorably for the defendant,) is a denial that the judgment was “ entered on the 21st of January, 1860.” The complaint, in terms, says nothing of the judgment being entered.
The Code requires the judgment to be entered in the “judgment book,” (§ 280,) and directs that “a copy of the judgment” shall form part of the judgment roll; (^ 281;) which judgment roll must be filed before the judgment can be docketed. The fact, that the judgment has not been entered in the judgment book, does not necessarily make the judgment void; and on a motion to set aside the judgment roll, the court, if justice required it, would permit the judgment to be entered nunc pro tunc. (9 How. Pr. R. 86 ; Calkins v. Packer, 21 Barb. 275 ; Code, §§ 174, 176.)
For, whether a judgment was entered on the 21st of January, 1860, or not, it may have been entered about that time, either on the 20th or 22d. The answer, at most, denies that it was entered on the 21st of January. It may not have been entered on that day, and yet be true; as the complaint alleges that it was duly rendered docketed on or about that day, and still remains of record, not satisfied, vacated, or otherwise discharged, and wholly unpaid.
Assuming the word “entered,” as used in the answer, to have been designed to include the giving of judgment by the court, and a direction to enter it, as well as the entry of it in the judgment book; and the answer to be a denial, in a mode authorized by law, that this was done on the 21st of January, 1860, still it is admitted by the answer that such a judgment as the complaint describes was duly *677 rendered and docketed, and a transcript of it duly filed; and that said judgment now remains of record, outstanding, and wholly unpaid, not vacated, satisfied, or otherwise discharged. That this judgment was not given and perfected on the 21 st of January, is of no consequence ; and a denial that it was done on that precise day puts at issue no material allegation of the complaint.
If so, a cause of action is admitted; if the allegations of the issuing of an execution, and of its return unsatisfied, are immaterial.
The undertaking is absolute and unconditional to pay to the plaintiff such sum as may for any cause be recovered against F. and M. Stoessel.
The recovery of judgment fixes the liability of the undertakers, and there is.no other condition to be complied with by the plaintiff as a pre-requisite to the right to sue them on the undertaking. (In the matter of Negus, 7 Wend. 499 ; N. Y. Central Ins. Co. v. Safford, 10 How. Pr. R. 347 ; Ball v. Gardner, 21 Wend. 270 ; Harris v. Hardy, 3 Hill, 393 ; Robinson’s Practice, vol. 2, chap, x.)
The judgment, even though it may not be in the alternative form required by the Code, is not void; it is merely erroneous, but conclusive until reversed or otherwise vacated. (Gallarati v. Orser, 4 Bosw. 94.)
The fact that M. E. Hammer received no consideration for signing the undertaking, does not affect the question of her liability. It is a statutory security; and her liability is according to its terms. (Gibbons v. Berhard, 3 Bosw. 635 ; Thompson v. Blanchard, 3 Corns. 335.)
The allegation that she is not indebted upon the undertaking in the sum of $612.64, is not responsive to any allegation in the complaint; and the uncontroverted allegations establish her liability for that amount.
If this view of the answer be correct, it neither controverts any material allegation in the complaint, nor sets up any new matter constituting a defense; and the order appealed from should be reversed, and judgment ordered for the plaintiff.
*678 It is proper to, state, however, that on the argument of the appeal it was assumed that the answer controverted the allegation of the recovery of the judgment, if it was permissible to the defendant to controvert that fact, by saying she had no knowledge or information in regard to it sufficient to enable her to form a belief whether it was as the complaint averred it to be; and the court, intimating very decided views adverse to the counsel for the appellant, the respondent’s counsel was not heard, and expressed no desire to be heard. But we think the ánswer, on looking at its terms, so clearly frivolous, that any argument in its support must be necessarily unavailing.
Order reversed, and judgment ordered for the plaintiff.