TENNEY (MAYNADIER v.). See Case No. 9,350.

---

## Case No. 13,832.

### TENNEY v. TOWNSEND.

[9 Blatchf. 274.] [1]

Circuit Court, S. D. New York.　Dec. 30, 1871.

JUDGMENT—ACTION ON—AVERMENT OF JURISDICTION—PLEADING.

In an action on a judgment of the superior court of Chicago, Illinois, the declaration averred that that court was a court of general jurisdiction, duly created by the laws of Illinois, but did not aver that that court had jurisdiction of the person of the defendant. either by service of process, appearance, or otherwise: Held, on demurrer, that the declaration was sufficient.

[Cited in Wakelee v. Davis, 50 Fed. 523.]

[This was an action by Daniel K. Tenney against Thomas S. Townsend.]

J. H. & B. F. Watson, for plaintiff.
Charles Donohue, for defendant.

WOODRUFF, Circuit Judge. The action herein is debt on judgment, demanding $539. The declaration avers, that the plaintiff is a citizen of the state of Wisconsin; that the defendant Townsend is a citizen of the state of New York; that the superior court of Chicago, within and for the county of Cook and state of Illinois, was, at the time in the said declaration afterward mentioned, a court of general jurisdiction, duly created by the laws of the said state of Illinois; that, on the 23d of February, 1870, in the said superior court of Chicago, at * * * before the justices thereof, by the consideration and judgment of said court, the said plaintiff recovered against the said defendants the said sum of money above demanded, which, in and by the said court, was then and there adjudged to the said plaintiff for his damages which he had sustained, as well by reason of the non-performance, by the said defendants, of certain promises and undertakings theretofore made by the said defendants to the said plaintiff, as for his costs and charges, &c., whereof the said defendants were convicted, &c.; with the usual averments, that the judgment still remains in full force and effect, not reversed, &c., and that the plaintiff hath not obtained execution or satisfaction thereof, &c., whereby, &c.; with the usual formal conclusion. To this declaration the defendant Townsend has pleaded three several pleas, to which the plaintiff has demurred, assigning special causes of demurrer. It is not necessary to state the pleas. They are each of them defective, either in form or substance, and that they are so was very properly conceded by the counsel for the defendant, on the argument of the demurrer. But, as, on demurrer, judgment must be rendered against the party who commits the first fault in substance, the defendant's counsel insists that judgment should be for the defendant, because the declaration is insufficient.

---

[1] [Reported by Hon. Samuel Blatchford, District Judge. and here reprinted by permission.]

The sole objection made to the declaration is, that it does not aver, or in any manner show, that the superior court of Chicago had jurisdiction of the person of the defendant Townsend, either by service of process, appearance, or otherwise. The declaration is in conformity with the established precedents used in England, in declaring upon judgments of the court of king's bench and the court of common pleas, and would have been approved in the state of New York, under the system of pleading in use before the adoption of the Code of Procedure, in declaring on a judgment of the supreme court of that state. The principle governing the subject is, that, when the judgment of a court of general jurisdiction is declared upon, jurisdiction of the person is presumed, from the averment of the recovery. This presumption is, however, not conclusive. Want of jurisdiction of the person may be set up as a defence, and may prevail. The presumption, however, suffices to sustain the declaration as a pleading, and puts the defendant to plead his defence.

By the constitution of the United States (article 4, § 1), full faith and credit are to be given, in each state, to the judicial proceedings of every other state; and this imports, that a judgment shall have, in each state, the same credit, validity and effect as it has in the state in which it was rendered. But, on the other hand, this is qualified, in respect to its operation against a defendant in another state, by the condition, that the court in which it was rendered had jurisdiction of such defendant. In this view, it was suggested, on the argument, that, inasmuch as the defendant was here sued as a citizen of New York, it ought affirmatively to appear, when a judgment of another state was declared upon, that jurisdiction of the person was in fact acquired; and that no presumption arose, in the tribunals of this state or district, that the court of the state of Illinois, however general its jurisdiction, had any jurisdiction of such a defendant. That the want of such jurisdiction is available as a defence is unquestionable; and it would be no unreasonable rule which required a plaintiff who wished to rely on such a judgment, and assert its conclusiveness under the constitution, to take the affirmative, in the very form of his declaration, and aver all the facts essential to make the judgment not only valid, but conclusive. Under the peculiar relations existing between the states, and this stipulation in the constitution, which forbids us to treat the judgment of a sister state as a foreign judgment, such a rule of pleading would harmonize with the construction which is given to the clause in the constitution, referred to. But no case is cited to me which shows that the general rule of pleading has been modified, to change the burthen of averment from the defendant to the plaintiff, or which indicates that, upon averring that the court in which the judgment is rendered is a court of general jurisdiction, the plaintiff may not, for the purposes of his pleading, rely upon the same presumption which would avail him if he were declaring thereon in the same state in which it was rendered, and leave the defendant to plead and prove want of jurisdiction, if he can. The cases to which I have referred lead to the contrary conclusion; and it may well be suggested, that, if, in the state in which a judgment is rendered by a court of general jurisdiction, the fact of recovery imports, prima facie, that such court did acquire jurisdiction of the person, and, in the absence of counter averment, that prima facie import would prevail, then, like faith and credit, which should be here given to such judgment, includes the same prima facie import, and requires that courts, here, should accord to the mere averment of recovery in such a court the like presumption of jurisdiction. In support of the declaration in question, and as bearing on the question discussed, see 2 Chit. Pl. 225 et seq.; 3 Chit. Pl. 228; Wheeler v. Raymond, 8 Cow. 311; Griswold v. Sedgwick, 1 Wend. 126; Starbuck v. Murray, 5 Wend. 148; Mills v. Duryee, 7 Cranch [11 U. S.] 481. And that, when congress gave the effect of a record to the judgment, it gave all the collateral consequences. See Hampton v. McConnel, 3 Wheat. [16 U. S.] 234; Biddle v. Wilkins, 1 Pet. [26 U. S.] 686; D'Arcy v. Ketchum, 11 How. [52 U. S.] 165; Westerwelt v. Lewis [Case No. 17,446]; Lincoln v. Tower [Id. 8,355]; Wilson v. Graham [Id. 17,804]; Sumner v. Marcy [Id. 13,609]. Some conflict of opinion appears to exist on the question whether, if the record of the judgment shows service of process on the defendant, or appearance in the action, the fact can be controverted by the defendant. On that question this demurrer calls for no opinion.

Judgment must be given for the plaintiff on the demurrer, but leave is first given to the defendant to amend his pleas, on the usual terms.