Schmid agt. Arguimban.

# N. Y. SUPERIOR COURT.

## CANDID M. SCHMID agt. DANIEL V. ARGUIMBAN.

Where an *answer* is stricken out by the court as *sham*, without any leave given to serve a new or amended answer, the defendant is not entitled, on motion, to have the plaintiff's (regular) judgment set aside, and to be allowed to have an *amended answer* previously served stand.

*Special Term, September,* 1873.

THE defendant's answer was stricken out as sham, and no leave afforded by the order to the defendant to serve an amended or new answer. An amended answer was served, which plaintiff's attorney returned and entered judgment. The motion was to set aside the judgment and to allow *amended* answer to stand.

Mr. ANDREWS, *for the motion.*
Mr. SANDERS, *opposed.*

VAN VORST, *J.*—The answer of the defendant was, by order of the court, stricken out as sham, and judgment thereon was ordered for the plaintiff with costs.

The service of what purported to be an amended answer thereafter was irregular, as there was no answer to be amended.

If it is proper to allow an amended or other answer to be interposed in place of one held to be sham, such favor should be applied for and granted whilst the pleading is under consideration.

Without leave of the court thus obtained, and which should be expressed in the order adjudging the pleading sham, the same cannot be amended.

In *Aymar* agt. *Chase* (*Code Rep.* [*N. S.*], 141) it was held that, after an answer has been struck out as sham, the defend ant cannot serve a new answer without leave of the court, even though twenty days have not elapsed since the former answer was served.

In the case under consideration, notwithstanding the order adjudging the answer to be sham, the defendant could have subsequently applied to the court upon proper affidavits for leave to serve a new answer, and if good faith was shown, and reasonable excuse given, permission might have been obtained to have done so upon terms. But without such leave first had the defendant cannot answer anew after his answer has been adjudged sham.

Section 143 of the Code allows the defendant, as matter of, right to answer in twenty days after service of the complaint.

But after he has once answered, defendant has exhausted his privilege as a right under that section. Subsequent sections allow such answer to be amended as a matter of course within a limited time, but such amendment can only be made whilst the answer still stands as a pleading, not after it is stricken out (*Burrell* agt. *Bowen*, 21 *How.*, 378; *Burrell* agt. *Moore*, 5 *Duer*, 654). The proceedings of the plaintiff in returning the amended answer and in entering judgment were regular, and the defendant's motion to set aside the judgment and for an order to allow his amended answer to stand is denied, but without prejudice to the defendant's right to apply for leave to answer anew on a proper state of facts.