[Department One—April 14, 1883.]

JAMES D. WALKER ET AL., RESPONDENTS, v. LAURA
L. BUFFANDEAU ET AL., JOHN H. WISE, AND
THOMAS DENIGAN, APPELLANTS.

PLEADINGS—DEFECTIVE ALLEGATIONS AND DENIALS—OBJECTIONS ON APPEAL.—
Certain defective allegations and denials, not objected to in the court below, sustained on appeal, and the objections to them overruled.

MORTGAGE FORECLOSURE—TWO MORTGAGES ON THE SAME DAY—RECORDING—EVIDENCE—PRESUMPTION.—Where two mortgages are executed and delivered on the same day, but recorded on different days, no presumption arises from the mere fact of recording as to their priority, nor does this fact tend to prove that the one first recorded was executed and delivered before the other.

ID.—FINDINGS—CONCLUSION OF LAW.—A finding as to the priority of the mortgages, stated as a conclusion of law, and based upon facts previously found, but not justified thereby, *held*, to be merely a conclusion of law, and not a finding of fact.

APPEAL from a judgment of the late District Court of the Fourth Judicial District, in and for the city and county of San Francisco.

The facts are stated in the opinion of the court.

*Tully R. Wise,* and *E. P. Cole,* for Appellants.

The mortgages being dated on the same day, are, in point of law, simultaneous, and must be decreed to be paid equally.

The court based its idea solely upon recording.

The recording acts do not give priority, they only protect the mortgage from being postponed to a subsequent *bona fide* encumbrancer. Under no circumstance does recording make priority of execution.

Section 1213 of the Civil Code makes every conveyance recorded, notice. Section 1214 makes it void as against a purchaser or mortgagee in good faith, and for a valuable consideration, whose conveyance is first recorded. This was the error of the lower court.

Between a purchaser in good faith, and a *bona fide* purchaser under the recording acts, there is no distinction. (*Grimstone* v. *Carter,* 24 Am. Dec. 230; *Withers* v. *Little,* 56 Cal. 370; *James* v. *Morey,* 14 Am. Dec. 475; *Union Canal Co.* v. *Young,* 30 Ill. 212.)

*Sidney V. Smith & Son,* for Respondents.

The facts found by the court are sufficient to sustain the ultimate conclusion, that the plaintiffs' mortgage was the superior one.

The plaintiffs' mortgage having been first recorded, the presumption is that it was in fact prior; and, there being no fact to destroy that presumption, the law will draw its conclusion in accordance with it. This is a case, therefore, of the probative facts being all found, and comes within the rule of *People* v. *Hagar,* 52 Cal. 171.

The finding that "the plaintiffs' said mortgage is a lien upon the premises described in the complaint prior and superior to the lien of the mortgage of the defendants Wise and Denigan," is a finding of fact. (*Frazier* v. *Crowell,* 52 Cal. 401.)

And it will be taken to support the judgment, although placed among the conclusions of law. (*Jones* v. *Clark,* 42 Cal. 192.)

PER CURIAM. — The action is to foreclose a mortgage executed by Buffandeau, deceased. With respect to the appellants (defendants Wise and Denigan), the allegation of the complaint is: "The defendants claim some right, title, interest, or estate in or to the said premises, *subsequent however, to said mortgage and subject thereto.*" To this appellants answered: "Defendants admit that they have an interest in said premises by way of mortgage from E. B. Buffandeau, dated the 18th day of April, 1877, to secure a promissory note," etc. "And they further allege they have no information or belief sufficient to enable them to answer the allegation of the complaint, that *the claims* of the defendants are subsequent, however, to said mortgage to plaintiffs and subject thereto, and so deny that their mortgage is subsequent or subject to the mortgage of said plaintiffs."

It is said by respondents that the portion of the answer above quoted raises no issue. It is urged, in the first place, the defendants could not base a denial that their interest, in the mortgaged premises, was subsequent and subject to the lien of plaintiffs' mortgage, upon an alleged *ignorance* of the facts. It has been held, very often, that where the fact alleged is such as that its existence or non-existence must, from its nature, be

known to the opposing party, such party cannot be permitted to plead ignorance, or deny "upon information and belief." In such cases the party alleging a matter as a fact is entitled to an explicit denial, or to an admission. (*Humphreys* v. *McCall*, 9 Cal. 62; *Brown* v. *Scott*, 25 Cal. 189; *Richardson* v. *Wilton*, 4 Sandf. 708; *Sherman* v. *N. Y. Central Mills*, 1 Abb. Pr. 188; *Chapman* v. *Palmer*, 12 How. Pr. 37; *Fales* v. *Hicks*, 12 How. Pr. 154; *Hance* v. *Rumming*, 2 Smith, E. D. 48; *Keicham* v. *Zerega*, 1 Smith, E. D. 553.)

It is said by respondents, in the second place, that the answer is evasive; it is not an express denial of the fact alleged. It is insisted that the answer does not even deny knowledge of the verity or falsehood of the averment actually made, but sets up a supposititious averment, and then alleges defendants' ignorance with respect to *such* averment; that, while the complaint alleges any right, or title, or interest, or estate, which defendants may have in the premises, to be subject or subordinate to plaintiffs' lien, the answer only declares defendants to be ignorant of the truth of a pretended averment "that the *claims* of the defendants are subsequent," etc.

Appellants, on the other hand, contend that the allegation of the *complaint* is insufficient to constitute a cause of action against them; that the allegation is, defendants "claim" some right, title, interest, or estate subsequent, etc.; that is to say, that defendants *claim* that such interest as they have is subsequent and subject to plaintiffs' mortgage.

If the plaintiffs had objected to the form of the denial in the court below the defendants might have been compelled to admit or deny expressly the allegation that their interest (as mortgagees) was subsequent and subject to plaintiffs' lien. The plaintiffs' further objection to the *answer*, and the objection of appellants to the *complaint*, cannot be considered here. The answer is as broad as the complaint, and the complaint does not entirely fail to state a cause of action. Admitting that a complaint in foreclosure should allege that an asserted right of a third party in the mortgaged premises "is subsequent and subject to" plaintiffs' lien, there is here an attempt to state the fact, which, if inartificial or imperfect, should have been specially objected to by demurrer or otherwise. The court below *tried the*

*issue* of priority, as to which both parties introduced evidence, found certain facts bearing upon such issue, and concluded, as matter of law, that the mortgage of defendants was subsequent and subject to the mortgage of plaintiffs. There is no bill of exceptions, and, so far as appears, there was no motion by either party for judgment upon the pleadings, nor was the attention of the court called, by any *special* objection or application, to defects in the complaint or answer. Under these circumstances the interests of justice cannot be subserved by giving effect to points first made in this court.

Treating the pleadings as presenting the issue—"Is the defendants' mortgage subsequent and subject to plaintiffs' lien?" —it remains to inquire whether the court found upon that issue.

The District Court, amongst other facts, found that the mortgage to plaintiffs was executed and delivered April 18, 1877, and *recorded* the same day; that the mortgage to appellants was made and delivered April 18, 1877, and recorded April 26, 1877. In other words, that the mortgages were made and delivered on the same day, but plaintiffs' mortgage was first recorded.

As "a conclusion of law" from these facts the court found plaintiffs' mortgage as a lien upon the premises described in the complaint prior and superior to the lien of the mortgage of the defendants Wise and Denigan aforesaid.

It is urged by respondents, the fact that plaintiffs' mortgage was first recorded creates the *presumption* that it was prior.

Even if the prior record of the plaintiffs' mortgage created a presumption that their mortgage was first executed and delivered, such would not be a conclusive legal presumption, but a presumption which could be rebutted by satisfactory evidence. Hence the finding of the fact of previous record would not necessarily establish the plaintiffs' priority. Since *Coveny* v. *Hale*, 49 Cal. 552, it has not been doubted that "findings" must be either of the ultimate facts, or of such probative facts as will enable the court to declare that the ultimate facts "necessarily result therefrom." The ultimate fact of priority of execution does not necessarily result from the finding of the prior registry of plaintiffs' mortgage. The plaintiffs' mortgage may have been first recorded and yet the appellants' mortgage been first executed and delivered.

Nevertheless, *it would seem,* that if the prior record of the mortgage created a presumption that it was executed and delivered before appellants' mortgage, or if the prior record even tended to prove plaintiffs' priority, the "conclusion of law" of the court below, "that plaintiffs' lien was prior and superior to the lien of defendants' mortgage," might be treated as a finding of the ultimate *fact* of plaintiffs' priority. Where, on the question of the ratification of a note, the findings embraced several facts tending to establish it, and then a conclusion from them that there had been a full ratification and confirmation, it was *held,* that such conclusion was the ultimate fact to be ascertained; that it was none the less a finding of fact because it was stated as a conclusion. (*Jones* v. *Clark,* 42 Cal. 180.) But unless the previous findings, in some degree, tend to prove the ultimate fact, it is manifest that the conclusion (as in this case) "from the foregoing facts," must be treated as what it purports to be—a conclusion of law from the facts previously recited.

Why should the fact that one of two instruments made on the same day was first recorded be considered to create any presumption that the instrument was executed and delivered at an earlier hour of the day than the other? There is nothing in the nature of the mere fact of record which tends to prove the independent fact of prior execution and delivery. Nor is there any language in the statute which can be construed to make a prior record evidence of a prior execution. Sections 1213 and 1214 of the Civil Code read:—

"Sec. 1213. Every conveyance of real property, acknowledged or proved, and certified and recorded as prescribed by law, from the time it is filed with the recorder for record, is constructive notice of the contents thereof to subsequent purchasers and mortgagees.

"Section 1214. Every conveyance of real property other than a lease for a term not exceeding one year is void as against any subsequent purchaser or mortgagee of the same property, or any part thereof, in good faith and for a valuable consideration, whose conveyance is first duly recorded."

Section 1213 declares that the filing for record of a conveyance, with the recorder, shall be constructive notice of *its contents* to "subsequent purchasers and mortgagees." And 1214, that a

conveyance, not recorded, shall be void "as against any subsequent purchaser, or mortgagee, . . . . in good faith and for a valuable consideration, whose conveyance is first duly recorded."

So far as the date of the execution of an instrument is concerned, the record of it, or a certified copy of its record, creates no other presumption than the production of the original would create, the presumption that it was made when it purports to have been made.

In the case before us, both mortgages were recorded on different days, both purport to have been made on the same day, and the court below found both were in fact executed and delivered on the same day. In the absence of a finding with respect to priority of delivery, we might presume, perhaps, the delivery of the two to have been contemporaneous. We certainly cannot presume the plaintiffs' mortgage was first executed and delivered because it was first recorded, nor does the fact it was first recorded tend to prove its prior execution and delivery.

The decree cannot be allowed to stand. Except that the court (the District Court) in which the cause was tried has gone out of existence, we might remand the cause with directions that the court below, upon the evidence already taken and such further relevant evidence as might be introduced, find the facts necessary to a proper determination. But this course is now apparently impracticable. A new trial seems necessary.

Judgment reversed and cause remanded for a new trial.