JAMES M. SMITH, AS EXECUTOR OF CHARLES B. RANSOM, DECEASED, RESPONDENT, *v.* GEORGE W. LAIRD, APPELLANT, IMPLEADED WITH WILLIAM F. KIDDER.

*Right to amend a pleading under section 542 of the Code of Civil Procedure — an answer cannot be substituted for a demurrer.*

On March 1, 1887, before the time to answer or demur had expired, the defendants served a demurer. Thereafter, and on March seventeenth, they withdrew the demurrer and served an answer, which was returned by the plaintiff.

*Held,* that an order denying a motion to compel the plaintiff to accept the answer should be affirmed.

*Frank* v. *Bush* (2 Civil Pro. R., 250), and *People* v. *Whitwell* (62 How., 383) not followed; *Robertson* v. *Bennett* (1 Abb. N. C., 476); *Seneca County Bank* v. *Garlinghouse* (4 How., 174); *Fry* v. *Bennett* (3 Bosw., 200); *Burrall* v. *Moore* (5 Duer, 654) and *Sands* v. *Calkins* (30 How., 1) distinguished.

APPEAL from an order made at Special Term denying defendant's motion to compel the plaintiff's attorney to accept the defendants' answer.

The summons and complaint was served upon defendants on January 20, 1887. On February 9, 1887, the defendants' time to answer or demur was extended twenty days from said date. On March first the defendants interposed a demurrer. Within twenty days thereafter, to wit, on the seventeenth day of March, the defendants withdrew the demurrer and served an answer which was returned by the plaintiff's attorney. Thereupon a motion was made by defendants to compel the plaintiff to accept said answer, which motion was denied.

*S. J. Goldsmith,* for the appellant, Laird.

*W. H. Newman,* for respondent.

Per Curiam:

Section 542 of the Code of Civil Procedure provides that within twenty days after the pleading or the answer or demurrer thereto is served, or at any time before the period for answering it expires, *the pleading* may be once amended by the party, of course. We should not have thought it necessary to do anything more than to call attention to the explicit language of the Code to determine this appeal were it not for the decisions in the cases of *Frank* v. *Bush* (2 Civil Pro. R., 250) and *People* v. *Whitwell* (62 How., 383).

An examination of the opinion of the court in the case of *Frank* v. *Bush* shows that the decision was based upon the supposed authorities of *Robertson* v. *Bennett* (1 Abb. New Cas., 476); *Seneca County Bank* v. *Garlinghouse* (4 How., 174); *Fry* v. *Bennett* (3 Bosw., 200); *Burrall* v. *Moore* (5 Duer, 654), and *Sands* v. *Calkins* (30 How., 1).

In neither of those cases was the question then before the court adjudicated upon. No such question was raised in the case of *Robertson* v. *Bennett*, because the amended pleading had been received without objection. In the case of the *Seneca County Bank* v. *Garlinghouse*, the question involved was as to the right to serve an amended complaint after the service of an amended answer. In the case of *Fry* v. *Bennett*, the only question determined was as to whether the supplemental pleading takes the place of the original pleading; and in *Burrall* v. *Moore* (5 Duer, 654) the only question was as to the right of the party to amend an answer. In *Sands* v. *Calkins*, it was held that an amended answer takes the place of and supersedes the original answer. In the case of *People* v. *Whitwell*, the learned judge bases his decision upon the case of *Robertson* v. *Bennett* above referred to. As has been seen, none of the cases cited as authorities for this ruling adjudicated upon the question involved. Unless there was a well settled line of decisions establishing the practice, we do not think the plain language of the statute should be disregarded.

The order should be affirmed, with ten dollars costs and disbursements.

Present — Van Brunt, P. J., Brady and Daniels, JJ.

Order affirmed, with ten dollars costs and disbursements.