## WAKELEE v. DAVIS et al.

*(Circuit Court, S. D. New York. May 28, 1892.)*

1. CONTEMPT—VIOLATION OF INJUNCTION—EVIDENCE.

An injunction prohibiting defendant, in an action to enforce a judgment, from maintaining that the same "was not duly given, made, or entered by a court having competent jurisdiction thereof, is not valid, and does not still stand of record in said court, and is not in full force against said defendant," is not violated by a general denial of an allegation that such judgment was recovered in a named court, the effect of the denial being merely to compel plaintiff to produce legal evidence of the judgment.

2. SAME—EVIDENCE.

But the order was violated by a general denial of allegations that the judgment, which was against a nonresident, was duly entered, and that it still stood of record in the district court.

In Equity. Suit by Angelica Wakelee against Erwin Davis. Plaintiff moves for an attachment against defendant and his attorney, T. D. Kenneson, for contempt. Motion granted.

For former reports, see 48 Fed. Rep. 612; 44 Fed. Rep. 532–533; and 37 Fed. Rep. 280–282.

*Anson Maltby*, for plaintiff.

*Thaddeus D. Kenneson*, for defendant.

SHIPMAN, District Judge. This is a motion for attachment for contempt of court by reason of the alleged violation of an injunction order of this court enjoining the defendant Davis and his attorney from claiming or setting up, by answer or in any other manner, in any action or suit, and from maintaining against the plaintiff, that a specified judgment against said Davis, which was rendered by a district court in the state of California, "was not duly given, made, or entered by a court having competent jurisdiction thereof, is not valid, and does not still stand of record in said court, and is not in full force against said defendant." The alleged contempt consists in the manner in which the defendant, by his attorney, Mr. Kenneson, has pleaded to the complainant's amended complaint in an action at law upon said judgment, in which complaint the judgment is declared upon in four counts or separate causes of action. The defendant presents in his answer two classes of defenses, one consisting of general denials of the complainant's allegations, and the other mainly relying upon an alleged discharge in bankruptcy. The general denials are in the form which denies that the defendant has any knowledge or information sufficient to form a belief as to all the allegations contained in specified paragraphs of the complaint. It is not doubted that this statutory form of pleading puts in issue the allegations which are referred to, and creates a material issue which compels the complainant to prove such allegations upon trial. *Livingston* v. *Hammer*, 7 Bosw. 674, *Flood* v. *Reynolds*, 13 How. Pr. 112; *Wayland* v. *Tysen*, 45 N. Y. 281. The question upon this part of the answer is whether the creation or the setting up of these issues by the general denials is in violation of the terms of the injunction. The fourth and tenth paragraphs of the complaint

allege that on November 18, 1873, one Wakelee recovered a described judgment in the district court, by the terms of which it was adjudged that said Wakelee recover of said Davis a sum which is specified. The defendant, in his answer, generally denies these allegations, and thereby an issue of fact is raised, whether such judgment was obtained in said court. Neither the validity of the judgment nor the jurisdiction of the court is denied. The denial compels the plaintiff to produce legal evidence of the judgment, and, although the defendant at one time admitted its existence, he has a right to call upon the plaintiff to establish, by legal proof, the rendition of a judgment, or what purported to be a judgment. The object of the bill in equity, and of the decree, as is truly said by the defendant, was not to relieve the complainant from proof of her cause of action at law. It was to prevent the defendant from using defenses from which he was equitably estopped, and which were, in substance, a denial of the jurisdictional facts which enabled the court to render this judgment. I perceive no violation of the injunction either in this or the other general denials of the truth of the allegations in the first cause of action. But in the eleventh and twenty-third paragraphs the plaintiff alleges that said judgment was duly given, made, and entered by said district court, which, inasmuch as the defendant was shown to be a nonresident, was a proper and apparently necessary averment. *Galpin* v. *Page*, 18 Wall. 350, (1873;) *Wilbur* v. *Abbot*, 6 Fed. Rep. 814. *Tenney* v. *Townsend*, 9 Blatchf. 274, *contra*, was decided in 1871, and the averment that the judgment was duly entered was a sufficient statement of the facts, under the New York practice, to impliedly allege jurisdiction. *Brownell* v. *Greenwich*, 114 N. Y. 518, 22 N. E. Rep. 24; *Rockwell* v. *Merwin*, 45 N. Y. 166. The denial by the defendant of this allegation raises an issue of fact in regard to the existence of jurisdictional facts, and, in effect, "sets up" that the judgment was not duly made by a court having competent jurisdiction thereof, which was prohibited by the order of the court in the equity suit. The seventeenth and twenty-seventh paragraphs allege, among other things, that said judgment still stands of record in said district court. The defendant's general denial of this paragraph denies this particular averment. The injunction order in terms enjoined the defendant against setting up that the judgment does not still stand of record in said district court, and therefore I think that there has been a technical violation of the order.

The injunction order also expressly prohibited the defendant from setting up that the judgment is not in full force. My knowledge of the previous history of the litigation leads me to think that this order had reference to the defense of the invalidity of the judgment by reason of the lack of the jurisdiction of the court over the person of the defendant, and not to a discharge of the judgment, or of the debt evidenced thereby, by reason of bankruptcy proceedings. I do not understand that the defendant was in fact enjoined against interposing this defense, and from maintaining that by reason of it the judgment had lost its force. In my opinion, the defendant's general denial of the seventeenth and eighteenth paragraphs of the complaint, which allege that the judgment is in full

force, cannot be considered to have reference to jurisdictional facts, but to the bankruptcy discharge. In the sixth and seventh divisions of the third paragraph of the defendant's special defense, the facts in regard to the jurisdiction of the California court over the person of the defendant Davis, the service by publication, the California statute, and his non-appearance in the suit are set forth at length. These facts are pleaded as a part of the defense of the discharge in bankruptcy, and, as the Code requires that each separate defense should be separately stated, it cannot be supposed that they constitute a double defense. If they are material to the defense in bankruptcy,—and from the fact that they are pleaded it is to be presumed that the pleader deemed them material,—they present and claim, and set up by answer, the invalidity of the judgment as a factor in the defense. This is prohibited by the injunction order, which enjoins the defendant from in any manner or form maintaining that the judgment was not made by a court having competent jurisdiction thereof. In the particulars which have been named, I am of opinion that the defendant's attorney has not complied with the injunction order, and that the violation will be a continuing one until the answer is amended. The complainant suggests only a fine equivalent to the amount of expenses which he has incurred in the preparation of the voluminous motion papers. The question of the amount of the fine will be submitted to the court upon affidavits, and without argument, within one week from the filing of this opinion. The order will be thereafter settled upon hearing.